**Date Signed:**
**November 21, 2025**




**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF HAWAII**

| In re:<br><br>RAINA KEHAUNANI CASTILLO,<br><br>Debtor. | Case No.: 25-00837<br>Chapter 13<br><br>Related: ECF 2 |
|---|---|

**ORDER REGARDING**
**"CONSUMER CLAIMS" PLAN PROVISION**

The chapter 13 debtor has included the following special provision in his plan: "Debtor may have consumer claims, the existence and value of which are currently unknown and/or uncertain. To the extent the value of these claims becomes recoverable and exceeds the value of Debtor's exemptions, such assets will be contributed into the plan."

The chapter 13 trustee "objects that this provision appears to allow Debtors to pursue claims against third parties without informing the court, trustee or creditors until a time at their discretion."

I agree with the trustee that the plan is not confirmable with this provision.

All debtors in bankruptcy cases must disclose all of their property and debts by filing schedules of assets and liabilities. § 521(a)(1).[1] Debtors who fail to make complete and truthful disclosure may suffer serious consequences, including denial of discharge and criminal prosecution. § 727(a)(4); 18 U.S.C. § 152.

Another consequence flows from the doctrine of judicial estoppel. This doctrine generally provides that, if a party takes a position in a case and benefits from that position, the party may not take a contrary position in a later case. Thus, if a debtor obtains a discharge based on a disclosure of assets that does not include a legal claim against a third party, and the nondisclosure was not the result of inadvertence or mistake, the debtor

[1] Unless otherwise indicated, all citations to sections refer to the Bankruptcy Code, 11 U.S.C.



U.S. Bankruptcy Court - Hawaii #25-00837 Dkt # 19 Filed 11/21/25 Page 2 of 6

might be barred from asserting that claim in a later case. *See Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267 (9th Cir. 2013) (discussing the standards for judicial estoppel where a debtor omitted a lawsuit from bankruptcy schedules but later sought to pursue the claim after discharge).

Chapter 13 debtors must make full disclosure in order to obtain plan confirmation. The debtor must prove that

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date . . . .

§ 1325(a)(4). In order to satisfy this requirement, the debtor must identify and value every item of nonexempt property included in the estate.

Complying with this requirement can be a challenge for some debtors. Many debtors are subject to collection activity immediately before the bankruptcy filing. Creditors engaged in this activity sometimes violate the Fair Debt Collection Practices Act, state laws governing foreclosures and repossessions, and the like. These violations can give rise to claims that the debtor might be able to assert against third parties. Debtors must

include legal claims against third parties in their asset disclosures. But the debtor and the debtor's counsel may not have had time to evaluate and identify these claims before filing.

The proposed special provision in this case is meant to address these issues. It acknowledges that the debtor has not had a full opportunity to evaluate all claims and attempts to ensure that the debtor will not benefit from any nondisclosure because recoveries on undisclosed claims will be devoted to creditors.

But the trustee correctly points out that the proposed special provision does not go far enough. It applies only to "consumer claims" but does not define that term. It does not require debtors to disclose newly discovered claims until the debtor unilaterally decides that the claims are "recoverable" and that their value exceeds any applicable exemption. It says that the nonexempt value of the claims will be "contributed into the plan" but says nothing about the mechanism by which that would happen. Therefore, this plan does not ensure that creditors will receive at least as much as they would receive in a chapter 7 liquidation, and the plan is not



U.S. Bankruptcy Court - Hawaii #25-00837 Dkt # 19 Filed 11/21/25 Page 4 of 6

confirmable.

The court would be inclined to confirm a plan if it included a provision like the following:

> The debtor has disclosed in Schedule A/B all claims against third parties of which the debtor is aware. If the debtor learns after confirmation that the debtor may have claims against third parties that were not scheduled, the debtor will promptly file (1) amended schedules disclosing the nature and estimated value of the claim and claiming any applicable exemption, and (2) if the debtor believes that the value of the claim is greater than any applicable expenses and exemptions, a motion to modify the plan in an appropriate manner.

If the trustee and debtor's counsel find this provision acceptable, they may jointly submit an order adding this provision to the plan confirming the plan as modified. If the trustee and debtor's counsel both wish to propose an alternative provision, they may submit a proposed order with their preferred language for the court's consideration. If the trustee and debtor's counsel cannot agree on such a provision, the court will enter an order denying confirmation of the plan and providing that the case will be dismissed unless, within fourteen days after entry of the order, the debtor files an amended plan.



U.S. Bankruptcy Court - Hawaii #25-00837 Dkt # 19 Filed 11/21/25 Page 5 of 6

**END OF ORDER**